IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA NICOLE SHUBERT,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 25-CV-4937 |
| CARESIFY HOMECARE, LLC, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**BEETLESTONE, C.J.**                                                                  **OCTOBER 7, 2025**

      Plaintiff Alicia Nicole Shubert filed this civil action against Caresify Homecare, LLC ("Caresify"), and five Caresify employees, three of whom previously served as her caretakers, one of whom was her case worker, and one of whom is identified as a supervisor. (Compl. at 2, 5.) She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Shubert leave to proceed *in forma pauperis* and dismiss her Complaint.

I.     **FACTUAL ALLEGATIONS**[1]

      Shubert describes herself as a "hearing-impaired and disabled individual." (Compl. at 6.) The thrust of her Complaint is that she received substandard care from "unqualified and unsupervised" Caresify home health aides beginning in May 2024, when she was "unwell." (*Id.* at 3, 6.) In particular, she claims that one caregiver stole money from her and used her credit cards without authorization, another "refused personal care duties," a third "cause[d] discord between [her] and [her] daughter," and the case worker "took [her] discharge forms without . . . consent." (*Id.*; *see also id.* at 8, 20-22.)

---

[1] The following allegations are taken from Shubert's Complaint and attached exhibits.

In this civil action, Shubert asserts claims for disability discrimination under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), as well a claim for Medicare and Medicaid "fraud and abuse," since Caresify accepts funds through these federal programs. (*Id.* at 2, 7, 13.) Shubert also asserts negligence and breach of contract claims pursuant to Pennsylvania law. (*Id.* at 9, 13.) She seeks damages totaling $250,000 and an order directing Caresify to comply with the law.[2] (*Id.* at 10-11.)

## II.     STANDARD OF REVIEW

The Court will grant Shubert leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Shubert's Complaint if it fails to state a claim. To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the Complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (observing that

---

[2] The Complaint also seeks damages on behalf of a third party, apparently Shubert's daughter. (Compl. at 12.) Shubert lacks standing to pursue legal claims or seek damages on behalf of her daughter, or anyone else, so any such claims will be dismissed without prejudice. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))); *see also Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (observing that "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)).

"pro se litigants still must allege sufficient facts in their complaints to support a claim." (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013))).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III.  DISCUSSION

### A. ADA and RA Claims

The Court considers Shubert's ADA and RA claims together because the substantive standards for determining liability are the same. *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018) ("[A]lthough the statutes [*i.e.*, the ADA and RA] may diverge as to the entities they cover and remedies they provide, they impose the same substantive liability standard and require a unified approach to the 'reasonableness' of accommodations and modifications"). To state a claim for disability discrimination under these provisions, a plaintiff must allege that the defendant "unlawfully discriminated against him on the basis of his disability," which may include failure to reasonable accommodate that disability. *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019); *see also Berardelli*, 900 F.3d at 117-118. To meet the pleading standard, claims of unlawful discrimination must be supported by "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *i.e.*, that the plaintiff was discriminated against in violation of the law.

*Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted); *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (explaining that "[a] plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue" and that "discriminatory purpose" is the ultimate conclusion in a discrimination case).

Although Shubert invokes the ADA and RA and describes herself as a disabled individual, her factual allegations do not support a claim. Rather, she alleges that the Defendants provided substandard care and stole from her. Nothing suggests that they did so to discriminate against her because of her disability. Accordingly, the Complaint does not support any basis for a disability discrimination claim. *See, e.g.*, *Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) (in determining whether a complaint states a claim, "we disregard unsupported conclusions or legal conclusions couched as factual allegations"); *Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 944, 950 (3d Cir. 2019) (*per curiam*) (affirming dismissal of ADA claim where plaintiff did not allege that defendants excluded him from participation "because of his disability as required"); *Smith v. Borough of Morrisville*, 656 F. App'x 590, 591 (3d Cir. 2016) (*per curiam*) (affirming dismissal of ADA and RA claims: "although Smith referenced the ADA and RA, and noted that he has a disability (he walks with a prosthetic left leg), the District Court concluded that his complaint does not clearly allege how he was discriminated against on the basis of that disability"). Notably, Shubert was twice instructed on the pleading standards for disability discrimination in connection with a prior case she filed in this Court, but seemingly did not take those principles into account in drafting her Complaint in the instant case. *See Shubert v. Modivcare Call Ctr. Pa.*, No. 24-5523, 2024 WL 4940544, at *3 (E.D. Pa. Dec. 2, 2024) ("As previously explained to Shubert, '[s]uch factual details are necessary to state a basis for a discrimination claim' and 'conclusory assertions that Modivcare discriminated against [Shubert],

4

without supporting facts, are nothing more than legal conclusions that are not entitled to any weight in determining whether she has stated a claim.'" (quoting *Shubert v. Modivcare Call Ctr. Pa.*, No. 24-5523, 2024 WL 4543063, at *2 (Oct. 22, 2024)).

### B. Medicare and Medicaid Fraud

Shubert also seeks to bring claims for Medicaid "fraud" pursuant to an Anti-Kickback Statute, 42 U.S.C. § 1320a-7(b). However, the cited statute does not provide any basis for an individual cause of action. *See, e.g.*, *United States ex rel. Winnon v. Lozano*, 146 F.4th 1197, 1212 (D.C. Cir. 2025) (observing that the Anti-Kickback Statute does not "authorize private suits"); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007) ("No private cause of action exists under the federal health care fraud statute, 42 U.S.C. § 1320a–7b; only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud."); *Donovan v. Rothman*, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000) ("There is no private cause of action to redress violations of the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b), the infraction of which is a crime."). Accordingly, this claim will also be dismissed.

### C. State Claims

The only possible basis for jurisdiction over Shubert's remaining contract and tort claims, which arise under Pennsylvania law, is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[3] "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d

---

[3] The Court will not exercise supplemental jurisdiction over any state claims, having dismissed Shubert's federal claims.

412, 419 (3d Cir. 2010).  For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c).  In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members."  *Zambelli*, 592 F.3d at 420.

Shubert does not allege the parties' states of citizenship and it appears that she does not know the domiciles of the Caresify employees she sued. (Compl. at 5.)  Her Complaint also suggests that she and Caresify are likely both Pennsylvania citizens, which would prevent this Court from exercising diversity jurisdiction over this case.  Accordingly, Shubert's state claims will be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Shubert leave to proceed *in forma pauperis* and dismiss her Complaint.  Shubert's federal claims will be dismissed with prejudice because she has not alleged any legitimate basis for a federal claim and the Court concludes that amendment would be futile under the circumstances here.  Shubert's state claims will be dismissed without prejudice for lack of subject matter jurisdiction.  However, Shubert may refile these claims in an appropriate state court should she choose to do so.[4]  A separate Order follows, which dismisses this case.  *See* Fed. R. Civ. P. 58(a).

               **BY THE COURT:**
               **S/ WENDY BEETLESTONE**

               **WENDY BEETLESTONE, C.J.**

---

[4] The Court concludes under the circumstances of this case that amendment would also be futile as to Shubert's state claims.  The Court expresses no opinion on the merits of Shubert's state claims but notes that the limitations on federal jurisdiction will not be an issue in state court.